**FLOYD, Plaintiff-Appellee, v. CLEVELAND (CITY) (Cleveland Transit System), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23315.   Decided January 12, 1955.

564

Chester K. Gillespie, Clarence L. Chavers, Cleveland, for plaintiff-appellee.

Robert F. Mooney, Robert Fletcher, Cleveland, for defendant-appellant.

(DOYLE, J, HUNSICKER, J, of 9th District: GRIFFITH, J, of 7th District sitting by designation.)

## OPINION

By GRIFFITH, J:

Plaintiff, while riding on a trackless trolley operated by the defendant, was requested by the operator to restrain an epileptic during a seizure so as to avoid injury to other passengers on the trolley.

Plaintiff's assailant entered the trackless trolley and, after a brief conversation with the trolley operator, fell to the floor in an epileptic attack. The plaintiff responded to the request of the operator after attempts to revive the man were unsuccessful and went to help the man who was lying there on the floor.

While the plaintiff was ministering to the epileptic, the bus driver said, "Well, I believe I'll call the ambulance," and then departed from the bus.

In the absence of the trolley operator, the man who had collapsed regained consciousness, rose to his feet and asked the plaintiff, "What in hell are you doing to me?" and then struck the plaintiff a powerful blow in the face, breaking his nose, and then he jumped from the trolley bus and ran up the street. The testimony indicates clearly that the plaintiff's assailant was just another passenger on the defendant trolley.

This is not an action for the tort of a passenger upon the plaintiff, but is an action in negligence against the operator of the trolley for failure of the carrier to exercise the highest degree of care for the protection of the plaintiff consistent with the practical operation of the bus.

**In 10 American Jurisprudence at page 256, Section 1439** we find the following:

"A carrier is liable for injuries inflicted upon one of its passengers through the negligence or wilfulness of a fellow passenger or a stranger when, by the exercise of proper care on its part, the act of violence might have been foreseen and prevented. In general, a common carrier is held to a high degree of care and vigilence to protect its passengers from the acts of fellow passengers or strangers, and is liable for any injuries sustained as a result of its negligence in this respect. The employees of a carrier are regarded as invested with all the powers of a police officer for the purpose of protecting passengers from assault by fellow passengers or stangers. The duty of a carrier to protect passengers from acts of fellow passengers, as well as the extent of its liability for failure to adequately discharge this duty, is considerably less in England than in the United States. * * *"

At page 259, Section 1441, we find the following:

"A carrier is liable for acts of misconduct or improper conduct on the

part of its passengers or strangers resulting in injury to a fellow passenger only in the event that the employees of the carrier knew or, in the exercise of due care, should have known of the imminency of the tort and failed to prevent its occurence after a sufficient opportunity to do so. It is not essential that the employee of the carrier possess actual knowledge to the effect that improper conduct is about to take place, if, with the exercise of proper care, he could have learned of circumstances indicating the probability of the tortious conduct or behavior * * *."

And at page 273, Section 1466, we find the following:

"A common carrier is not liable for an assault by a stranger on a passenger, if it could not have anticipated and prevented the assault by exercise of the proper degree of care and prudence. A carrier will be held liable, however, for an assault on a passenger by a stranger, if it could have been anticipated and prevented by the exercise of reasonable care and diligence "

Did the bus driver know from all the circumstances that injury to this plaintiff passenger was threatened or impending? Should he have anticipated the assault? The epileptic had fallen and was lying prostrate on the floor of the bus. The operator called upon the plaintiff to assist him in the emergency. Did the operator leave the plaintiff in a known perilous condition? He said, "I'll go call the ambulance." He left no one in charge of the bus whomsoever except this plaintiff.

In the exercise of proper care on the part of the operator of the bus should this assault not have been foreseen and prevented?

The operator was invested with all the powers of a police officer for the purpose of protecting passengers on his bus, and for the purpose of protecting passengers from the assault by fellow passengers or strangers.

The case of **Paal v. Cleveland Railway Company, 11 Oh Ap 462,** has for its first syllabus the following:

"The liability of a carrier for injuries inflicted upon a passenger by reason of an unprovoked assault by a fellow passenger, depends upon the presence or absence of evidence showing that the employee of the carrier knew, or by the exercise of due care should have known, from all the facts and circumstances, that injury to the passenger was threatened or impending; and in the absence of such evidence, it is not error for a trial court to enter nonsuit for the carrier at the conclusion of plaintiff's evidence."

On pages 464 and 465 of the opinion, we find the following:

"The rule governing such a situation seems to be that a carrier of passengers for hire is liable or not liable for an injury inflicted upon a passenger by reason of a third person making an unprovoked assault upon him dependent upon the presence or absence of evidence showing that the employee of the carrier knew, or by the exercise of due care should have known from all facts and circumstances in the case, that injury to the passenger was threatened or impending. The facts and circumstances of the case must disclose a situation such that the employees in the exercise of the highest degree of care should have anticipated the impending assault."

The trial court found for the plaintiff, and we cannot say that the conclusion of the court is manifestly against the weight of the evidence. For these reasons, the judgment is affirmed.

Exceptions noted. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.